E-FILED
Friday, 31 January, 2020  10:32:35 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| TODD WILSON | |
| Plaintiff, | CASE NO.: 1:20-cv-01046 |
| -v- | JUDGE: |
| PRO COM SERVICES OF ILLINOIS, INC. | |
| Defendant. | **COMPLAINT**<br>JURY TRIAL DEMANDED |

Plaintiff, Todd Wilson, ("Plaintiff" or "Mr. Wilson"), by and through the undersigned attorney, and for his Complaint against Pro Com Services Of Illinois, Inc. ("Defendant" or "Pro Com"), states as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") based on Defendant's unlawful collection practices as described herein.

## JURISDICTION AND VENUE

2.      This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant conducts business in the Central District of Illinois and the events and/or omissions giving rise to the claims made herein occurred within the Central District of Illinois.

## PARTIES

4.      Plaintiff is a natural adult person who resides in Lexington, Illinois, which lies within the Central District of Illinois.

5.      Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6.      Defendant, is a corporation formed in the state of Illinois.

7.      Defendant is in the business of collecting consumer debts on behalf of others within the State of Illinois and throughout the United States.  As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8.      Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

10.     Mr. Wilson suffers from health issues, is unable to work full-time and is currently in the process of applying for disability benefits from the United States Social Security Administration.

11.     Due to his inability to work and limited income, Mr. Wilson has accumulated certain medical obligations on which he has defaulted.

12.     Mr. Wilson checked his credit report and discovered that Defendant was reporting two (2) adverse item in the amounts of $161 and $512 (the "Subject Debt"). Relevant pages from Mr. Wilson's Experian credit report are attached to this Complaint as Exhibit A.

13.     The Subject Debts are obligations or alleged obligations of a consumer arising out of transactions incurred for personal, family, or household purposes and are therefore "debts" as that term is defined by 15 U.S.C. § 1692a(5).

14.     Shortly thereafter, on December 26, 2019, Mr. Wilson placed a telephone call to Defendant at (217) 525-7600 to learn more about the Subject Debt.

15.     During said telephone call, Mr. Wilson was routed to an automated telephone system.

16.     The automated system informed Mr. Wilson that it was an attempt to collect a debt and that any information obtained will be used for that purpose.

17.     The automated system then asked Mr. Wilson to enter his account number and the last four (4) digits of his Social Security number.

18.     The automated system informed Mr. Wilson that the Subject Debts had been placed with Defendant for collection and informed him that no payments had been made.

19.     The automated system also asked Mr. Wilson to make a payment.

20.     As of December 26, 2019, the date Mr. Wilson placed the telephone call to the Defendant, the Subject Debts were time-barred, *i.e.*, they fell outside the applicable statute of limitations period.

21.     At no time during said telephone call did Defendant inform Mr. Wilson that the Subject Debts were unenforceable by operation of the statute of limitations.

22.     At no time during said telephone call did Defendant inform Mr. Wilson that it could not file a collection lawsuit to enforce the Subject Debts.

23.     At no time during said telephone call did Defendant inform Mr. Wilson that making a payment on the Subject Debts could remove, waive or restart the statute of limitations.

24. On information and belief, all actions by Defendant as defined in this Complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

### DAMAGES

25. Plaintiff has been misled and harassed by Defendant's actions.

26. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Subject Debt from him.

27. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause him unwarranted economic harm.

28. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

29. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Subject Debt.

30. After a reasonable time to conduct discovery, Plaintiff believes he can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm him, with knowledge that its actions would very likely harm him, and/or with knowledge that its actions were taken in violation of the law.

31. As a result of Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### *15 U.S.C. §§ 1692d, e, e(2)(A) and f*

32.　　Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 31 as though fully restated herein.

33.　　The FDCPA states, in relevant part:

> A debt collector may not engage in any conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. § 1692d.

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt. 15 U.S.C. §§ 1692e and e(2)(A).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.

34.　　Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), d and f during its telephone communication with Plaintiff by attempting to collect the Subject Debts without providing a disclosure of information to Plaintiff regarding: (i.) the time-barred status of the Subject Debts, (ii.) that it cannot file a collection lawsuit, and (iii.) the potential legal consequences of making a payment or merely acknowledging the validity of the Subject Debts.

35.　　As an experienced debt collection agency, Defendant knows that the statements it makes to consumers during its debt collection communications have to be true, accurate and complete, especially when time-barred debt is involved.

36.　　Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activity as outlined herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Todd Wilson, respectfully requests that this Court enter judgment in his favor as follows:

a) Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

b) Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

c) Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

d) Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 31st day of January, 2020.          Respectfully Submitted,

          */s/ Samuel L. Eirinberg*
          Samuel L. Eirinberg #6328842
          David S. Klain #0066305
          CONSUMER LAW PARTNERS, LLC
          333 N. Michigan Ave., Suite 1300
          Chicago, Illinois 60601
          (267) 422-1000 (phone)
          (267) 422-2000 (fax)
          sam.e@consumerlawpartners.com

          *Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

          */s/ Samuel L. Eirinberg*
          Samuel L. Eirinberg #6328842
          CONSUMER LAW PARTNERS, LLC

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS     )
                        ) ss
COUNTY OF MCLEAN    )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Todd Wilson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____1/30/2020_____

_____
Signature

7